

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:                         Opinion No. O-6084

                                  Re:  In prosecuting a defendant
                                       who has been charged with
                                       the unlawful sale of liquor,
                                       which local option election
                                       should be taken under con-
                                       sideration?

                                       And related questions.

        We have your request for our opinion, from which
we quote as follows:

        "A certain county in Texas has over a period
    of years held a series of elections in which prohibi-
    tion was originally established, subsequently the
    sale of beer was legalized and thereafter an elec-
    tion to legalize the sale of all alcoholic beverages
    failed to carry.

        "1.  If a defendant in that county has been
             charged with the unlawful sale of liquor,
             would it be sufficient proof to allege
             and establish the fact that the most
             recent election held in the county failed
             to legalize the sale of beer, and that
             by reason of such election the sale of
             liquor was prohibited in the said county?

        "2.  Is it necessary to allege and prove the
             original election or the most recent
             election in which absolute prohibition
             was established, and to chronologically
             present the results of subsequent elec-
             tions in which the sale of beer only had
             been legalized, and that legalizing the
             sale of all alcoholic beverages had
             failed in a vote upon the issue submitted
             to the people?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"3.     Would there be sufficient evidence to
prove that the sale of liquor is unlawful
in a showing that at a given time an elec-
tion had been successfully carried to
prohibit the sale of all alcoholic bev-
erages, and that subsequently no election
had been held in this county having the
effect of legalizing the sale of liquor?"

While we have not found any appellate court decision
in point upon the questions propounded, we have given careful
consideration to the same, and we have reached the following
conclusions:

In answer to your first question, you are advised
that in our opinion the allegations and proof should show the
most recent election in which the traffic in alcoholic bev-
erages had been positively prohibited. In other words, if
in the county in question, for example, an election had been
held on January 1, 1938 prohibiting absolutely all alcoholic
beverages, including beer of less than four per cent (4%),
and then on January 1, 1939 another election was held in an
effort to legalize such beer, but which proposition failed to
carry, your complaint and information should allege the elec-
tion of January 1, 1938, and need make no reference to the
election of 1939, irrespective of what type of alcoholic bev-
erage is involved in the pending case. Since the original
election of 1938 positively prohibited all liquors, the elec-
tion of 1939 wherein those favoring legalization lost the
election would have no bearing upon the matter.

Your second question presents some difficulty until
it is thoroughly understood. As we understand you, you desire
to know the result in the following sort of hypothetical situa-
tion: Election held on January 1, 1938 positively prohibited
all liquors. Election on January 1, 1939 legalized four per
cent (4%) beer. A third election on January 1, 1940 submitted
to the people of the county the question of legalizing all
liquors, but the proposition was defeated. If such be the
true situation, you are advised that in our opinion for prose-
cutions against offenders engaged in the sale, etc., of all
types of intoxicants except beer, you should allege and prove
the election of January 1, 1938, and need not make allusion
to the subsequent elections. Such elections were not positive
in effect; they did not change the status of anything, ex-
cept that the 1939 election made the sale, etc. of beer con-
taining not more than four per centum (4%) of alcohol legal

within the county. It is our opinion that the legal status of four per centum (4%) beer was not altered by the 1940 eledtion; failure to legalize all liquors did not _positively_ prohibit the sale, etc. of the beer, which had been legalized by the 1939 election.

Your third question, as stated, is answered in the affirmative. We repeat the statement made in our answer to your first question, that the allegations and proof should show the _most recent_ election in which the traffic in alcoholic beverages had been _positively_ prohibited. To carry our hypothetical proposition further, suppose that in addition to the three elections mentioned in the preceding paragraph hereof, a fourth election was held, in which the voters prohibited the sale, etc. of beer. Upon a prosecution for the illegal sale of beer, the complaint and information should allege the last election; all other types of violators should be charged under the 1938 election.

Trusting that the above satisfactorily answers your inquiries, we are

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/

Benjamin Woodall
Assistant

BW:JCP:DDT

APPROVED JAN 11, 1945
/s/ Carlos C. Ashley
First Assistant
Attorney General

APPROVED OPINION COMMITTEE

By B. W. B. Chairman